IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH CAPOGRECO, et al.,

    Plaintiffs,                      No. CIV S-00-1951 LKK GGH P

    vs.

R. SANDHAM, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiffs, state prisoners proceeding pro se, seek relief pursuant to 42 U.S.C. § 1983. Pending before the court are two motions for partial summary judgment. These are defendants' previously vacated motions for partial summary judgment as to plaintiff Capogreco and for partial summary judgment as to his co-plaintiff Johnson, re-noticed by order filed on October 13, 2004. These motions were re-noticed as to defendants Sandham, Gilkes, Malan, Lett, Parks, Castro and Tristan. On October 21, 2004, defendant Maurino, in essence joining the motions, renewed and re-noticed her motions for partial summary judgment as to each plaintiff, pursuant to the court's orders filed on January 28, 2004 and October 13, 2004.[1] Therefore, all defendants have moved for partial summary judgment as to each plaintiff, seeking entry of

---

[1] Defendant Maurino's renewed notice had attached as Exhibit A, her responses to plaintiffs' first set of interrogatories, which had been served on August 5, 2003.

1

judgment in their favor and dismissal of the entire action.

Plaintiffs filed a joint (inapposite) opposition[2] to the previously vacated motions, filed on July 17, 2003 and July 18, 2003, respectively, on August 1, 2003 and then, pursuant to the order filed on October 1, 2003, filed another opposition, on December 4, 2003.[3] On January 28, 2004, in vacating defendants' July 18, 2003 partial summary judgment motion as to defendant Johnson, the court stated that the motion was vacated "without prejudice to its renewal on the court's own motion, once there is a showing that plaintiff Johnson has been provided access to his legal materials relevant to this case and access to the law library." See Order, filed on January 28, 2004, p. 14.

Thereafter, in its October 13, 2004 order, the court noted that defendants had not made the showing the undersigned had ordered that plaintiff Johnson had been provided access as set forth above but stated that plaintiff Johnson had indicated that the court could proceed to adjudicate the motion for partial summary judgment as to him based on his previously submitted opposition.[4] In the same order, plaintiff Capogreco's request for the court to take judicial notice of the exhibits submitted in opposition to defendants' March 18, 2002 motion to dismiss, in adjudicating defendants' motion for partial summary judgment as to him, was granted.

On November 17, 2004, plaintiffs filed their response to defendant Maurino's motions. In their November 17, 2004, opposition, plaintiffs, who had appeared to have acquiesced to proceeding to the adjudication of defendants' dispositive motions, objected that the court would be proceeding without requiring defendants to make the showing set forth in the January 28, 2004 order, that plaintiff Johnson had been provided the requisite access to the relevant legal property and the law library. Plaintiffs, however, did not renew their claim that

---

[2] See Order, filed on October 1, 2003.

[3] Plaintiffs were also granted an extension of time by order filed on November 7, 2003.

[4] Order, filed on October 13, 2004, p. 2, citing plaintiff Johnson's February 19, 2004 Objections to the January 28, 2004 Findings and Recommendations.

plaintiff Johnson had not actually obtained such access, in fact, with respect to law library access, plaintiffs conceded that plaintiff Johnson had been allowed such access, albeit directly related to another matter.  Even though the court on its own motion re-noticed defendants' motions for partial summary judgment in the October 13, 2004 order, at least in part on the ground that plaintiffs had appeared to waive any further objection with respect to Johnson's access to his legal property and law library access, it appears the issue has not been laid to rest.  Indeed, defendants have made no showing that plaintiff Johnson has been provided access to his own relevant legal property, which, as noted, was a fact recognized in the court's October 13, 2004 order renewing and re-submitting defendants' partial summary judgment motions.

This unwieldy litigation has been proceeding at a snail's pace for too long, in large part, because both defendants and plaintiffs continue to drag their heels in complying with the letter of the court's orders.  The undersigned has neither the time nor the resources to adjudicate the pending motions, only to have objections raised based on any party's failure to have complied with a prior court order.  Nor will the court attempt to cobble together endlessly plaintiffs' opposition/exhibits to the pending motions from various earlier filings, beyond what is set forth herein.  Therefore, defendants will be directed to show proof that plaintiff Johnson has been allowed access to the relevant legal property in this matter, as well as law library access, before the court will proceed on these motions, within 30 days.  If defendants fail to make the requisite showing, the court will vacate defendants' motion as to plaintiff Johnson and proceed only to adjudicate the motion pertaining to plaintiff Capogreco.  Moreover, if no adequate showing is made, the motion for partial summary judgment as to defendant Johnson will be permanently vacated, the matter proceeding to trial as to plaintiff Johnson.

If defendants make the requisite showing of access for Johnson, he will have 30 days thereafter to file his opposition and exhibits.  If he does so, this will be the only opposition (along with exhibits) that the court will review in opposition to defendants' motion for partial summary adjudication as to Johnson.  If defendants make the necessary showing and Johnson

nevertheless chooses to proceed only on the submitted opposition, the court will proceed upon the same opposition as it will proceed on with respect to plaintiff Capogreco, filed on December 4, 2003, along with the exhibits plaintiffs submitted to accompany their May 4, 2002 opposition to defendants' earlier motion to dismiss, which plaintiffs' requested the court to consider as well in opposition to the summary judgment motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants are directed to show proof, within 30 days, that plaintiff Johnson has been provided access to plaintiffs' legal property relevant to this matter and to the law library;

2. Upon defendants' showing of proof of access, plaintiff Johnson must file his opposition to the pending motion for partial summary judgment as to himself within 30 days, along with any exhibits if he elects to proceed on a revised or amended opposition; if he does so, the court will consider only the newly filed opposition with respect to defendants' motion as to plaintiff Johnson;

3. Upon defendants' showing of proof of access, plaintiff Johnson may elect to proceed on the previously submitted opposition and on the exhibits to plaintiffs' May 4, 2002 opposition to defendants' prior motion to dismiss, which constitute the opposition and exhibits upon which plaintiff Capogreco rests;

4. Should defendants fail to make the requisite showing of proof of access, the court will permanently vacate defendants' motion for partial summary adjudication as to plaintiff Johnson, as a sanction.

DATED: 7/1/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
john1951.ord