UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH CAPOGRECO, et al.,

        Plaintiffs,

  v.

R. SANDHAM, et al.,

        Defendants.
                                         /

NO. CIV. S-00-1951 LKK/GGH P

O R D E R

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On September 2, 2005, the magistrate judge recommended that the defendant's motion for partial summary judgement be granted.

Non dispositive pre-trial motions referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) are reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); United States v. Raddatz, 447

1

U.S. 667, 673 (1980). On the other hand, a magistrate judge's determination concerning matters referred pursuant to 28 U.S.C. § 636(b)(1)(B) are for the most part reviewed <u>de novo</u>. Thus, the district court reviews <u>de novo</u> those portions of the proposed findings of fact to which objection has been made, 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Business Machines</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982), and the magistrate's conclusions of law. <u>Barilla v. Ervin</u>, 886 F.2d 1514, 1518 (9th Cir. 1989) (<u>citing</u> <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983)). The court may, however, assume the correctness of that portion of the proposed findings of fact to which no objection has been made and decide the motion on applicable law. <u>See</u> <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989) (<u>citing</u> <u>Orand v. United States</u>, 602 F.2d 207, 208 (9th Cir. 1979)).[1]

The court is not bound to adopt the magistrate judge's findings and recommendations; on the contrary, the court must exercise "sound judicial discretion" in making its own determination on the record. <u>United States v. Raddatz</u>, 447 U.S.at 675-76. The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); <u>United States v. Remsing</u>, 874 F.2d at 617.

////

---

[1] The failure of a party to file objections does not relieve the district court of its obligation to give *de novo* review of conclusions of law. <u>Barilla</u>, 886 F.2d at 1518.

1  Although the court adopts in full the magistrate judge's
2 summary of the procedural history of the case, as well as the legal
3 standard for Eighth Amendment claims and motions for summary
4 judgement, as I discuss below, the court declines to adopt the
5 magistrate judge's recommendation as to defendants Parks and Lett.
6 **A.   DEFENDANT PARKS**
7  The magistrate judge recommended that summary judgement be
8 granted with respect to defendant Parks.  The magistrate judge
9 concluded that plaintiff may have been subject to a slight delay
10 in receiving dental treatment, but the delay did not amount to
11 deliberate indifference.  Findings and Recommendations ("F&Rs")
12 filed on September 2, 2005 at 16.  I cannot agree.
13  Plaintiff relies on his dental records to dispute the
14 seriousness of his dental condition and to demonstrate that
15 treatment was delayed.  The record appears to support his
16 contentions.  Plaintiff explains that a cavity was not filled at
17 the Mule Creek State Prison because he was pending transfer to the
18 High Dessert State Prison ("HDSP").  Def.'s Mot. for Summ. J., Ex.
19 1, at 278.  When plaintiff arrived at HDSP, a year passed before
20 his cavity was filled.  When his cavity was filled, plaintiff's
21 dental record noted deep decay.  Def.'s Mot. for Summ. J., Ex. 1,
22 at 275.  Plaintiff avers that the delay in treatment caused the
23 condition of his cavity to worsen.
24  Viewing the record in light most favorable to the plaintiff
25 and drawing all justifiable inferences in the plaintiff's favor,
26 the court finds that the evidence relied upon by the plaintiff set

1 forth sufficient facts to establish a genuine issue for trial.

2 Specifically, there is a question of fact as to whether the
3 delay in treatment amounts to deliberate indifference to a serious
4 medical (or dental) condition.  The court notes that "[w]here
5 intent is a primary issue, summary judgment is generally
6 inappropriate." S.E.C. v. Seaboard Corp., 677 F.2d 1297, 1298-1299
7 (9th Cir. 1982).  Deliberate indifference is a state of mind and
8 is a factual question to be determined by a trier of fact.  Factual
9 conclusions regarding a defendant's state of mind are therefore not
10 suitable for summary judgement.  Accordingly, summary judgment as
11 to defendant Parks must be DENIED.

12 **B.    DEFENDANT LETT**

13 The magistrate judge recommended that summary judgment be
14 granted with respect to defendant Lett.  The magistrate judge
15 concluded that defendant Lett's actions did not constitute
16 deliberate indifference. Specifically, the magistrate judge agreed
17 with the defendants that the plaintiff never suffered any seizures
18 and that plaintiff's prescription for Depakote was never
19 discontinued.  F&Rs at 18-19.  I cannot agree.

20 Plaintiff alleges that defendant Lett acted with deliberate
21 indifference when he prescribed Depakote for plaintiff, and then,
22 once plaintiff complained about Lett's treatment and filed
23 complaints against Lett, Lett refused to renew the prescription of
24 Depakote, causing the plaintiff to suffer three seizures.
25 Plaintiff asserts that one of Depakote's functions is to treat
26 seizure disorder.  Plaintiff relies on several exhibits and his own

4

declaration, which establish a genuine issue of disputed fact as to whether he suffered seizures and as to the treatment he received.

First, plaintiff relies on his declaration, in which he states that he suffered three seizures "as part of withdrawal problems from the Depakote Dr. Lett refused to renew." Pl.'s Opp'n, Dec. of Kenneth Capogreco, Ex. A.

Second, there are several administrative records that reveal instances in which plaintiff reported to psychiatric social workers and doctors that he suffered from seizures. Def.'s Mot. for Summ. J., Ex. 1, at 364, 367. In one interdisciplinary progress note, dated November 1, 2000, it was noted that a Dr. Rhee had prescribed Depakote on August 14, 2000 for "90 days for seizure." Def.'s Mot. for Summ. J., Ex. 1, at 363.

Third, plaintiff sets forth evidence of having a confrontation with defendant Lett. In an appeal, log no. 00422, filed on February 6, 2000, plaintiff asserts that he saw defendant Lett on December 7, 1999 because he was having "adjustment and anger management problems." At this time, defendant Lett was hostile and confrontational, seeking to "elicit a verbal and/or physical response" from plaintiff and refusing to discuss plaintiff's medication dosage with him. Lett also stated that if plaintiff did not like it, he should "sue the governor." Def.'s Mot. for Summ. J., Ex. 2. Then, in a subsequent appeal, log no. 00-0006677, plaintiff states that defendant Lett, in retaliation for plaintiff filing a complaint as to Lett's alleged misconducts, had refused

5

to renew plaintiff's prescription for Depakote.  Pl.'s Opp'n, Ex. C.

Fourth, plaintiff submitted a health care request form, dated February 8, 2000, wherein he checked seizures as one of the conditions for which he sought treatment.  Pl.'s Opp'n, Ex. C (Mis-stamped by HDSP as received in the year 1999, rather than 2000).

Fifth, plaintiff was designated not eligible for food handling because of a "seizure" condition.  Def.'s Mot. for Summ. J., Ex. 1 at 244.

The magistrate judge determined that the very few references to seizure in the plaintiff's medical files "do not substantiate that plaintiff actually suffered any [seizures]."  F&Rs at 22.  The mere fact that there are few mentions of seizures in plaintiff's medical records is not dispositive of whether plaintiff did in fact suffer from seizures.  Because plaintiff has tendered evidence suggesting that he suffered from seizures, summary judgment must be denied as to this issue.

Similarly, the magistrate judge treats as conclusive the fact that there were no medical records indicating that Depakote was discontinued.  The court cannot agree.  Plaintiff set forth clear facts that dispute whether the medication was discontinued.  For these reasons, it is apparent to the court that there exist genuine issues of material fact as to whether defendant Lett demonstrated deliberate indifference to plaintiff's health by discontinuing plaintiff's medication.

1  As the court noted with respect to defendant Parks, "[w]here
2 intent is a primary issue, summary judgment is generally
3 inappropriate." S.E.C. v. Seaboard Corp., 677 F.2d 1297, 1298-1299
4 (9th Cir. 1982).  In the case at bar, the question of whether
5 defendant Lett had a state of mind that constituted deliberate
6 indifference is a question to be determined by a fact finder.  The
7 existence of these disputed facts preclude summary judgement.
8 Summary judgement as to defendant Lett also must be DENIED.

9 **C.   DEFENDANTS SANDHAM AND GILKES**

10  The magistrate judge recommended that summary judgement be
11 granted with respect to defendants Sandham and Gilkes.  The
12 magistrate judge determined that the facts did not support
13 plaintiff's contention that a delay in receiving certain orthotics
14 constituted deliberate indifference.  While the court agrees with
15 the recommendation to grant summary judgement, the court declines
16 to adopt the reasoning of the magistrate judge.  The court finds
17 that the reason for granting summary judgement with respect to
18 defendants Sandham and Gilkes is not because the facts demonstrate
19 a lack of deliberate indifference, but because the plaintiff did
20 not tender any evidence of specific facts in the form of
21 affidavits, and/or admissible discovery material, Fed. R. Civ. P.
22 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.
23 574, 586 (1986).

24  For the reasons set forth in the magistrate judge's findings
25 and recommendations, summary judgment as to defendants Sandham and
26 Gilkes will be GRANTED.

1     For all the foregoing reasons, the court hereby ORDERS as
2 follows:
3     1.  Defendants' motion for summary judgment is DENIED as to
4 defendants Parks and Lett;
5     2.  Defendants' motion for summary judgment is GRANTED as to
6 defendants Sandham and Gilkes; and
7     3.  The case is remanded to the magistrate judge for further
8 proceedings consistent with this order.
9     IT IS SO ORDERED.
10    DATED:  October 5, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT