IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH CAPOGRECO,

      Plaintiff,                        No. CIV S- 00-1951 LKK GGH P

   vs.

R. SANDHAM, et al.,

      Defendants.           <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By concurrently filed order, this court has issued a pretrial order.  On January 3, 2006, plaintiff filed a document entitled "request for court intervention and motion for summary judgment."  However, to the extent that plaintiff seeks to bring a dispositive motion, it conforms in no way to the requirements of Fed. R. Civ. P. R. 56 and is, in any event, belated.  By order filed on October 28, 2005, the court explicitly stated, inter alia, that no further pretrial dispositive motions would be considered.  Plaintiff's putative motion for summary judgment will be disregarded.

        To the extent that plaintiff seeks court intervention to ameliorate his access to legal materials to comply with the scheduling order, plaintiff's request is at this time denied but without prejudice.  Plaintiff states that he was placed in administrative segregation for possession

1  of an inmate manufactured weapon, which possession he does not deny but instead attributes to
2  "psych meds" causing him to suffer a severe paranoid episode.  Plaintiff further states that he will
3  be released to the "main line" but provides no prospective date for such release.
4        Plaintiff's reference to the need to copy legal property for his former co-plaintiff
5  is not relevant to his need for access to his legal property in order to proceed in his own trial.
6  Plaintiff also claims that he has been threatened with physical violence but does not attribute the
7  threat to any individual or otherwise identify the circumstances of any such threat.  Despite his
8  claims of limited access to his legal property, plaintiff has subsequently been able to file a timely
9  pretrial statement.  While it is true that plaintiff is required to identify his exhibits more
10 specifically (see concurrently filed Pretrial Order), plaintiff has filed inadequate information for
11 the court to fashion a protective order.  In addition to a lack of information with regard to who,
12 when and for what reason plaintiff has been denied the access he seeks, plaintiff should also
13 inform the court as to the periods of time for which he is allowed access, if any.  Plaintiff's
14 requests, including his requests to be transferred to federal custody and for an evidentiary
15 hearing, will be denied.
16       Accordingly, IT IS ORDERED that:
17       1. Plaintiff's defective "motion for summary judgment," filed on January 3, 2006,
18 is disregarded; and
19       2. Plaintiff's request for court intervention, filed on January 3, 3006, is denied
20 without prejudice.
21 DATED: 3/27/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
capo1951.ord