1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH CAPOGRECO, et al.,
                                              NO. CIV. S-00-1951 LKK/GGH P
12              Plaintiffs,

13         v.                                      O R D E R

14    R. SANDHAM, et al.,

15              Defendants.
      _____/

16

17         Pending before the court is defendant's motion to reconsider

18    the court's October 7, 2005 order.  The court's October 7, 2005

19    order is hereby AMENDED to include the following language:

20         The court adopts in full the magistrate judge's findings and

21    recommendations, issued on September 2, 2005 as to defendants

22    Malan, Castro and Tristan and the allegations involving supervisory

23    liability and involvement with processing plaintiff's inmate

24    appeals.  That motion, therefore, is GRANTED.

25         As to defendant Park, the court also adopts the magistrate

26    judge's findings and recommendations relative to that defendant's

                                       1

1  motion for summary judgement as to his involvement with processing
2  plaintiff's inmate appeal and defendant's motion in that regard is
3  GRANTED.

4      The court, however, declines to adopt the findings and
5  recommendations as to Park's supervisory liability.  Defendant Park
6  was the director of the dental department at High Desert State
7  Prison.  As discussed in the court's October 7, 2005 Order,
8  plaintiff alleges that he waited a year to have a cavity filled and
9  that the delay in treatment caused the condition of his cavity to
10 worsen.  The court found there was a disputed fact as to whether
11 the delay in treatment amounts to deliberate indifference.  <u>See</u>
12 <u>Order</u> filed October 7, 2005 at 3:19-4:4.

13     To hold defendant Park liable in his official capacity,
14 plaintiff must show that a policy or custom, or a one time decision
15 by a governmentally authorized decision maker, played a part in the
16 violation of federal law. <u>McRorie v. Shimoda</u>, 795 F.2d 780, 783
17 (9th Cir. 1986).

18     Here, it is undisputed that a year passed until plaintiff's
19 cavity was filled and that defendant Park was the Director of the
20 Dental Services at the time.  Viewing the record in light most
21 favorable to plaintiff and drawing all justifiable inferences in
22 plaintiff's favor, the court finds that there remains a disputed
23 material fact.  Specifically, a fact finder must determine whether
24 Park, as director of the dental services, made a decision or
25 instigated a policy that affected plaintiff's dental care and
26 played a part in the constitutional violation.

1    For this reason, the court declines to adopt the magistrate

2  judge's recommendation as to supervisory liability.  Instead, the

3  court finds that defendant Park may liable in his official capacity

4  as the Director of the dental services at High Desert Prison.

5  Therefore, defendants' motion for summary judgement as to defendant

6  Park's liability is DENIED.

7    The case is remanded to the magistrate judge for further

8  proceedings consistent with this order.[1]

9    IT IS SO ORDERED.

10    DATED:  March 24, 2006.

11
                                    /s/Lawrence K. Karlton
12                                  LAWRENCE K. KARLTON
                                    SENIOR JUDGE
13                                  UNITED STATES DISTRICT COURT

14

15

16

17

18

19

20

21

22

23

24

25

26
      [1]  The issues of injunctive relief and personal liability are
      also to be considered by the magistrate judge.