1  Adam R. Sand #217712
   arsand@jonesday.com
2  Lara T. Kollios #235395
   lkollios@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA 94104
   Telephone:    (415) 626-3939
5  Facsimile:    (415) 875-5700

6  Attorneys for Plaintiff
   KENNETH CAPOGRECO
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | KENNETH CAPOGRECO,                  | Case No. CIV S-00-1951 LKK GGH

12 | Plaintiff,

13 | v.                                   | **STIPULATED PROTECTIVE ORDER AND            ORDER**

14 | R. SANDHIME, M.D., et al.,

15 | Defendants.

16

17

18      WHEREAS, the parties will be exchanging materials pursuant to discovery requests and

19 in accordance with their obligations under the Federal Rules of Civil Procedure; and

20      WHEREAS, those discovery materials may contain information of a personal or

21 confidential nature;

22      IT IS THEREFORE ORDERED THAT:

23      1.      This protective order ("Protective Order") shall govern the production and

24 disclosure of information and documents sought through discovery and the pretrial process.  This

25 Protective Order is not intended to govern at trial.  The parties will cooperate in establishing

26 procedures acceptable to the Court with respect to the protection of information designated as

27 "CONFIDENTIAL" pursuant to this Protective Order at any trial and upon any appeal of this

28 case.

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. CIV S-00-1951 LKK GGH

1    2.    For purposes of this Protective Order, "Discovery Materials" shall include all
2    documents produced pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure,
3    interrogatory responses, deposition testimony, and all other information that may be disclosed in
4    the course of discovery in this action, as well as compilations or excerpts of such materials.
5    Discovery Materials shall be used for the prosecution and defense of this action only.

6    3.    This Protective Order shall not abrogate or diminish any privilege or contractual,
7    statutory or other legal obligation or right of any party with respect to Discovery Materials.

8    4.    Any party may identify any Discovery Materials it deems to be entitled to
9    protection under Rule 26(c) of the Federal Rules of Civil Procedure by designating such
10   Discovery Materials as "CONFIDENTIAL." Any such designation shall be made in good faith.
11   Discovery Materials so designated shall be marked "CONFIDENTIAL."

12   5.    In the event that a party makes documents available for inspection, rather than
13   delivering copies to another party, no marking need be made in advance of the initial inspection.
14   For purposes of the initial inspection, all documents produced shall be considered as marked
15   "CONFIDENTIAL." Thereafter, upon the inspecting party's selection of documents for copying,
16   the party producing the documents may mark the copies "CONFIDENTIAL" pursuant to
17   paragraph 4, above. The producing party shall have two weeks from the date of inspection to
18   mark documents "CONFIDENTIAL." Deposition transcript pages may be designated
19   "CONFIDENTIAL" within two weeks of receipt of the transcript, and shall be deemed to have
20   been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed.
21   Testimony may also be designated on the record of any deposition as "CONFIDENTIAL."

22   6.    Access to Discovery Materials designated "CONFIDENTIAL" shall be restricted
23   as follows:

24        (a)    "CONFIDENTIAL" Discovery Materials and all information
25   extracted from them shall be used solely for the purposes of prosecuting or defending this action,
26   and for no other purpose.

27        (b)    Counsel for each party shall restrict access to "CONFIDENTIAL"
28   Discovery Materials produced by any other party by limiting the dissemination of such material

SFI-559970v1

2

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. CIV S-00-1951 LKK GGH

1  to attorneys who are members or associates of the law firms listed on the pleadings and who are
2  members of the Bar of this Court or who have been admitted pro hac vice in this case ("Counsel
3  of Record"). Any and all further disclosure of "CONFIDENTIAL" Discovery Materials shall be
4  governed by the provisions of subparagraphs (c)-(g) and paragraphs 7 and 9, below.

5      (c) No copies, extracts or summaries of any "CONFIDENTIAL"
6  Discovery Materials produced by another party shall be made except by or on behalf of Counsel
7  of Record; and such copies, extracts or summaries shall also be designated and treated as
8  "CONFIDENTIAL" Discovery Materials and shall not be delivered or exhibited to any persons
9  except as provided in this Protective Order.

10      (d) Counsel of Record may allow access to "CONFIDENTIAL"
11  Discovery Materials produced by another party to consultants or witnesses, except inmate
12  witnesses, including consultants designated to testify as expert witnesses, provided that any such
13  consultant or witness shall first be provided with a copy of this Protective Order and shall execute
14  an undertaking in the form annexed hereto as Exhibit A. Consultants are hereby specifically
15  advised that their written work product which contains or discloses the substance of
16  "CONFIDENTIAL" Discovery Materials is subject to all the provisions of this Protective Order.
17  Counsel of Record disclosing "CONFIDENTIAL" Discovery Materials to consultants shall be
18  responsible for obtaining the executed undertaking in advance of such disclosure and also shall
19  retain the original executed copy of said undertaking.

20      (e) During depositions, Counsel of Record may question any witness
21  about "CONFIDENTIAL" Discovery Materials. Any "CONFIDENTIAL" document so referred
22  to may be marked as an exhibit, but no such "CONFIDENTIAL" document, or any portion
23  thereof, shall be attached to any publicly-available deposition or other transcript without the
24  written consent of the party that designated the document as "CONFIDENTIAL." Portions of
25  deposition transcripts designated "CONFIDENTIAL" shall be so marked and
26  "CONFIDENTIAL" portions, including exhibits consisting of "CONFIDENTIAL" documents,
27  shall be bound under seal separately from the non-confidential portions of the transcript.

28

SFI-559970v1

3

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. CIV S-00-1951 LKK GGH

1        (f)     In the event that any "CONFIDENTIAL" Discovery Materials are

2   attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with

3   this Court or any other court and said "CONFIDENTIAL" Discovery Materials would be

4   disclosed in any way therein, such Discovery Materials, pleadings or papers shall be filed under

5   seal in accordance with this Court's Civil Local Rule 39-141. Copies of such documents

6   containing information subject to this Protective Order that are served on counsel for the parties

7   shall be similarly identified and shall be maintained as "CONFIDENTIAL" as described herein.

8        (g)     Any pleadings, motion papers or other papers not filed under seal

9   shall have deleted therefrom all "CONFIDENTIAL" Discovery Materials and all portions of such

10   pleadings or papers that would disclose the substance of "CONFIDENTIAL" Discovery

11   Materials, provided, however, that any "CONFIDENTIAL" Discovery Materials served upon

12   Counsel of Record need not have said materials deleted therefrom.

13        (h)     Before releasing any confidential material, the CDCR will redact

14   personal addresses, dates of birth, social security numbers, and other identifying information

15   (collectively, "identifying information") about any employee of the CDCR, any victim of

16   crime(s), or any third party. Identifying information shall not be disclosed without further order

17   of this Court. In no event shall confidential material containing identifying information about any

18   employee of the CDCR be made public without written notice to the CDCR and the Court.

19   7.   Should Counsel of Record for any party wish to disclose any "CONFIDENTIAL"

20   Discovery Materials produced by another party to a person not authorized by this Protective

21   Order to review such "CONFIDENTIAL" Discovery Materials, said counsel shall first provide

22   counsel for the producing party with a short statement of the reason for the proposed disclosure

23   and the name, address and business or professional affiliation and title (e.g., officer, director, etc.)

24   of such person, by written notice, delivered by hand or by fax, at least ten days prior to the

25   proposed disclosure. If counsel for the producing party objects to the disclosure within the ten-

26   day period, then the party requesting consent shall not proceed with the proposed disclosure, the

27   parties shall engage in good faith efforts to resolve the matter informally and, if those efforts

28

1   should fail, the party requesting consent may file with the Court an application or motion seeking
2   authorization to make the proposed disclosure pursuant to paragraph 9 below.

3       8.      The disclosure of any Discovery Materials pursuant to the terms of this Protective
4   Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment
5   of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the
6   information disclosed is a trade secret or is proprietary.

7       9.      If any dispute arises concerning whether information designated as
8   "CONFIDENTIAL" should in fact be considered "CONFIDENTIAL" for purposes of this
9   Protective Order, then the parties shall try first to resolve such dispute in good faith on an
10  informal basis. If the dispute cannot be so resolved, the party who has objected to the designation
11  of the information as "CONFIDENTIAL" shall give written notice that such informal attempts
12  have failed. After the other party's receipt of such notice, the objecting party may file a motion
13  asking the Court to resolve the issue. On such a motion, the party asserting confidentiality shall
14  have the burden of proving that the "CONFIDENTIAL" information: (a) constitutes a trade
15  secret or other confidential research, development, or commercial information within the meaning
16  of Rule 26(c)(7) of the Federal Rules of Civil Procedure; (b) refers or relates to the security
17  arrangements of defendants or their direct or indirect subsidiaries and, if disclosed, might tend to
18  endanger the life, safety or property of any person; or (c) is otherwise entitled to protection under
19  Rule 26(c) of the Federal Rules of Civil Procedure. Prior to the determination of such motion, the
20  disputed information shall be treated by the parties as "CONFIDENTIAL." If such motion is
21  granted and five days have passed after entry of an order granting the motion, then the party may
22  proceed with the proposed disclosure.

23      10.     Upon final resolution of this litigation, including any appellate proceedings or
24  expiration of the time allowed therefor:

25              (a)     Unless otherwise agreed, counsel for each party shall return all
26  Discovery Materials marked "CONFIDENTIAL" received hereunder, including all copies
27  thereof, to counsel for the party that produced said materials. Counsel for each party shall also
28  destroy all extracts or summaries of "CONFIDENTIAL" Discovery Materials or documents

SFI-559970v1                                          5                          STIPULATION AND [PROPOSED]
                                                                                   PROTECTIVE ORDER
                                                                              Case No. CIV S-00-1951 LKK GGH

1  containing such material.  Certification of such destruction, under penalty of perjury, is to be

2  made in writing to counsel for the party who produced such "CONFIDENTIAL" Discovery

3  Materials; and

4                      (b)      The Clerk of the Court shall, upon request of a party that produced

5  any "CONFIDENTIAL" Discovery Materials, return to such party all documents and things

6  containing or referring to such Discovery Materials that were filed under seal pursuant to this

7  Protective Order.  As to those documents or things containing such information which cannot be

8  so returned, they shall continue to be kept under seal and shall not be examined by any person

9  without a prior Court order issued after due notice to all parties, or a written stipulation of counsel

10  for all parties.

11       11.     Nothing contained in this Protective Order shall preclude any party from seeking

12  or obtaining, upon an appropriate showing, additional protection with respect to any documents,

13  information, or other Discovery Materials or trade secrets.  Nothing contained herein relieves any

14  party of its obligation to respond to discovery properly initiated pursuant to the Federal Rules of

15  Civil Procedure.

16       12.     The Court may modify this Protective Order at any time or consider any dispute

17  which may arise hereunder upon motion of any party.

18       13.     This Protective Order shall remain in effect for the duration of the action unless

19  terminated by stipulation or by Court order.  Insofar as they restrict the disclosure, treatment, or

20  use of information subject to this Protective Order, the provisions of this Protective Order shall

21  continue to be binding after the termination of this action, unless the Court orders otherwise.

22

23  DATED: January 18, 2007

24                                         JONES DAY

25

26                                   By: /s/Adam R. Sand

27                                       Adam R. Sand
                                     Attorney for Plaintiff

28

SFI-559970v1

                             6

1

2

DATED: January ___, 2007

3

4

By: _____

JOHN W. RICHES II
Deputy Attorney General
Attorney for Defendants Lett and Park

5

6

7

IT IS SO ORDERED. ⤣

8

9

DATED: _January 31_, 2007

10

GREGORY G. HOLLOWS

11

The Honorable Gregory G. Hollows
United Stated Magistrate Judge

12

13

✻ See attachment A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-559970v1

7

ATTACHMENT A

Discovery information disclosed in court filings generally is available to the public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public").[1]

Protective orders safeguard the parties and other persons in light of the otherwise broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The court has great discretion to issue protective orders if discovery causes annoyance, embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order. Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary").

"Good cause" to bar the public from litigation documents must be more than mere desire. The party seeking protection must show specific prejudice or harm, including, with respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc., 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

Some protective orders enable the parties to designate so much material as "confidential" that, in essence, entire case filings are sealed. The protective order submitted by the parties has the same potential problem. This court will not approve a protective order giving blanket authority to the parties to designate what shall be filed under seal. Accordingly, the parties shall observe the following procedure for filing documents under seal.

In matters to be adjudicated by the District Judge, the parties shall submit to the District Judge a stipulation or application for sealing, showing good cause.

In matters to be adjudicated by the undersigned:

1. As to information designated confidential by the party who proposes to file it under seal:
   Ten days prior to the planned submission, the submitting party shall file with the undersigned an ex parte application, served on the opposing party, seeking approval of each specific filing to be made under seal, together with a proposed order. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule on the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the confidential documents shall be filed under seal. If the submitting party does not timely file the application, the

---

[1] A party may have the right to protect from public disclosure information which has been produced to the other party only because of discovery and which has not been filed with the court. Seattle Times v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199 (1984). Id. at 33, 37, 104 S.Ct. at 2207, 2209.

confidential material shall be filed in the public record.

2. As to information designated confidential by a party other than the party who proposes to file it:

Ten days prior to the planned filing, the submitting party shall contact the opposing party for permission to make an unsealed filing. Permission, or the lack thereof, shall be memorialized by the submitting party. If the other party fails to permit an unsealed filing, the other party shall file an ex parte application with the undersigned, served on the party proposing to file the information, seeking approval for each specific filing to be made under seal. The other party's application shall be made no later than five days prior to the submitting party's scheduled filing date. The court shall attempt to rule expeditiously. *In no event, however, will the court's failure to rule upon the application prior to the scheduled filing date be a basis to continue the filing date.* If the court does not communicate its ruling on the application prior to the filing date, the information shall be filed under seal. If the other party fails timely to file the application, the submitting party shall file all documents in the public record.

          This protective order does not purport to bind other courts with respect to production in cases pending before them.

IT IS SO ORDERED

Dated: January 30, 2007

GREGORY G. HOLLOWS

United States Magistrate Judge

Proord8-03.wpd